NICHOLAS M. WAJDA
Nevada State Bar No: 11480
Law Offices of Nicholas M. Wajda, Esq.
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702) 900-6339
Email Address: nick@wajdalawgroup.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| RAY D. STOLLER,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 2:20-cv-01824<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.;***<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Ray D. Stoller ("Plaintiff"), by and through the undersigned attorney, complaining of Midland Credit Management, Inc. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692.

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the District of Nevada, and Defendant conducts business in the District of Nevada and maintains significant business contacts in the District of Nevada.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age.

5. Defendant is a debt collection agency organized under the laws of the state of Kansas with its principal place of business located at 350 Camino de la Reina, Suite 300, San Diego, California 92108. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Prior to the conduct giving rise to this cause of action, Plaintiff incurred personal debts with Comenity Capital Bank and Comenity Bank (collectively, the "subject debt").

7. Due to financial hardship, Plaintiff fell behind on payments toward the subject debt.

8. Upon information and belief, Defendant acquired the right to collect on the subject debt after Plaintiff was in default.

9. In an attempt to collect the subject debt, Defend mailed three collection letters to Plaintiff (collectively, the "collection letters").

10. Two of the collection letters were dated June 15, 2020, and the third collection letter was dated August 2, 2020.

11. In violation of Section 1692f(8) of the FDCPA, Defendant's collection letters were mailed to Plaintiff inside an envelope that was marked with the words "Time Sensitive Document."

12. There was nothing "time sensitive" about the contents of Defendant's enclosed letter.

13. Upon information and belief, Defendant has conducted research that demonstrates

that unsophisticated and least sophisticated consumers are more likely to open collection letters sent in envelopes marked with the words "Time Sensitive Document" than plain envelopes that do not contain the quoted words.

14. Reading "Time Sensitive Document" on the envelope caused Plaintiff to become anxious, stressed, and worried about the contents of the letter.

15. Plaintiff's sense of stress, anxiety and worry intensified *after* he read the collection letter because he could not understand why the letter was designated as "time sensitive."

16. Plaintiff contacted the undersigned's law firm to understand why Defendant used the words "Time Sensitive Document" on the envelope in question.

17. Plaintiff suffered real and concrete harm because Defendant communicated with him in a manner prohibited by the FDCPA.

### DAMAGES

18. Defendant's misleading, wanton, and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

19. Plaintiff has expended time and incurred costs consulting with his attorney as a result of Defendant's unfair, deceptive, and misleading actions.

20. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail

and/or the telephones to collect delinquent accounts allegedly owed to a third party.

24. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

25. The debt which Defendant is attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

27. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

28. Defendant violated 15 U.S.C. §§1692e, e(10), f and f(8) through its unlawful debt collection practices.

**a. Violations of FDCPA § 1692e**

29. Defendant violated §1692e and e(10) when it used false, deceptive, and misleading means to collect and/or attempt to collect the subject debt. Defendant mailed the collection letters to Plaintiff in an envelope marked "Time Sensitive Document" even though the contents of the envelope were, in fact, not time sensitive. The words on the envelope were only there to worry and confuse Plaintiff in hopes that he would make a payment on the subject debt.

**b. Violations of FDCPA § 1692f**

30. Section 1692f(8) prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

31. Section 1692f(8) contains no exceptions; any extraneous text on the envelope or

4

on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

32. The use of the phrase "Time Sensitive Document" on the envelope sent to Plaintiff in relation to the subject debt violated Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

33. Defendant's use of the words "Time Sensitive Document" in relation the subject debt violated Section 1692f(8) of the FDCPA because these words intended to create, and do create, a false sense of urgency to so-called least sophisticated consumers.

34. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

35. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, RAY D. STOLLER respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: September 30, 2020                          Respectfully submitted,

                                                  By: /s/ Nicholas M. Wajda
                                                  Nicholas M. Wajda, State Bar No. 11480
                                                  Law Offices of Nicholas M. Wajda, Esq.
                                                  871 Coronado Center Drive, Ste. 200
                                                  Henderson, NV 89052
                                                  Telephone: (702) 900-6339
                                                  Facsimile: (866) 286-8433
                                                  Email: nick@wajdalawgroup.com